UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TIM CURLEE and KATHRYN CURLEE,** | § § § | |
| **Plaintiffs** | § | |
| v. | § § | No. 4:22-cv-0132-P |
| **ASI LLOYDS,** | § | |
| **Defendant** | § § | |

**PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, TIM CURLEE and KATHRYN CURLEE ("Plaintiffs") and file this Amended Complaint against Defendant ASI Lloyds ("ASI") and would show the court as follows:

## I.
## PARTIES

1.      Plaintiffs Tim Curlee and Kathryn Curlee are residents of Tarrant County, Texas.

2.      Defendant ASI is an insurance company doing business in Texas. ASI has been served and answered herein.

## II.

## JURISDICTION AND VENUE

3.      Defendant removed this action based on diversity of citizenship under 28 U.S.C. §1332, and Plaintiffs have not challenged the Court's subject matter jurisdiction.

4.      Venue is proper under 28 U.S.C. §1446, as this action was pending in Tarrant County, Texas at the time of its removal by Defendant, and Defendant has not challenged the existence of personal jurisdiction or the propriety of venue.

5. Venue is also proper in this District and Division based on 28 U.S.C. §1391(b) in that the property that is the subject of this action is situated in this District and Division.

## III.

## FACTUAL BACKGROUND

6. Plaintiffs are the owners of a residential property located at 708 Ledara Lane, Keller, Texas 76248 (the "Property").

7. The Property was insured by Defendant under Texas Homeowners Policy No. TXL680195 (the "Policy") which was in effect during all periods relevant hereto.

8. Plaintiffs suffered extensive and sudden damage at the Property as a result of a wind and hail storm which occurred on April 28, 2021. The Plaintiffs made a claim under their Policy for the damage. Shortly after the claim was made by Plaintiffs it was assigned to Daniel Rivera, an in-house adjuster of Defendant for adjustment. Defendant hired Haag Engineering ("Haag") to inspect the Plaintiffs' home and determine the cause and extent of the loss. Haag found damage throughout the Property caused by "relatively large hail." In spite of this widespread damage, Haag determined, contrary to their own findings, that there were only "12 hail broken field tiles" which required a "removal and replacement of 24 broken tiles." Even a cursory examination revealed that there were many more than 12 broken and cracked tiles throughout the field of the roof.

9. Haag also noted that the "tiles are no longer made" but that "they were a common tile in this area as this manufacturing plant was local." Plaintiffs were left with the choice to either convince the manufacturer to re-start production of this tile or scrounge around scrap yards and find the matching tile. In the event such extreme measures failed, Plaintiffs would only be able to replace the broken tiles with mismatched tiles and not tiles of like kind or quality. It is not Plaintiffs' duty under the Policy scrounge local scrap yards to find matching tiles or to manufacture

matching tiles. Requiring Plaintiffs to do so is a breach of the Policy, a misrepresentation of the terms of the Policy and textbook bad faith. Failure to replace the tiles with like kind and quality is also a breach of the Policy of which Defendant is well aware. Requiring Plaintiffs to find matching tiles to avoid the policy requirement of "like kind and quality" is bad faith. Based on the Haag report Defendant offered a net payment of $9239.77 for the Plaintiffs dwelling. This was well below the amount required under the Policy and is further evidence of bad faith.

10.    When Plaintiffs expressed disagreement with Defendant's adjustment, Defendant tried to force Plaintiffs to appraisal of the loss. The Policy reads: *If you and we **agree on the scope** of the direct physical loss or damage that is covered by the terms and conditions of this policy **but disagree on the amount** payable for that scope of loss, either may demand an appraisal of the agreed-upon scope of loss. (Emphasis added.)* There was no agreement on the scope of the loss because Plaintiffs allege the entire roof needs to be removed and replaced and Defendant believes only 24 tiles need to be replaced. As a result, appraisal is inappropriate. Nonetheless, Defendant continues to insist on appraisal and went so far as to name an appraiser. The appraiser named by Defendant is further evidence of bad faith since the appraiser works for the same firm which initially adjusted the Plaintiffs' claim.

11.    Defendant has been repeatedly provided with information sufficient to provide coverage and pay Plaintiffs a reasonable and necessary amount for their covered loss. Nonetheless, Defendant continues to deny the full extent of Plaintiffs' damage without any reasonable basis or explanation for the denial. By letter dated October 12, 2021, Plaintiffs put Defendant on notice of Plaintiffs' intent to seek damages pursuant to Texas Insurance Code §§541, 542 and 542A.

12.    Plaintiffs' Property was damaged and continues to be damaged due to Defendant's breach of the Policy and Defendant's bad faith. In addition, Defendant failed to abide by the

deadlines imposed by the Texas Insurance Code with regard to the prompt payment of claims as more fully set forth below.

## IV.

### FIRST CAUSE OF ACTION-BREACH OF CONTRACT

13. Plaintiffs contracted with Defendant for property and casualty insurance on the Property made the basis of this lawsuit. As part of the contract for insurance, Plaintiffs paid the Defendant premiums as required under the terms of the Policy. Defendant agreed to pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting in a Covered Cause of Loss. The damage to the Plaintiffs' Property was the type covered by the contract for insurance.

14. Defendant breached the contract for insurance in one or more of the following ways:

   (a) Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

   (b) Failing to provide a reasonable explanation of the basis for denying the claim; and

   (c) Failing to promptly and equitably pay the claim once liability had become reasonably clear.

15. This breach of contract by the Defendant is a proximate cause of the damages suffered and to be suffered in the future by Plaintiffs, for which Plaintiff now sues.

## V.

### SECOND CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

16. From and after the time the Plaintiffs' claim was presented to Defendant, its liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiffs'

claim, Defendant refused to accept the claim and pay Plaintiffs.

17. At that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Plaintiffs will show that Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying or partially paying a valid claim.

18. Consequently, Defendant breached its duty to deal fairly and in good faith with the Plaintiffs. Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiffs as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant.

19. Plaintiffs seek exemplary damages in an amount to be assessed by the trier of fact caused by Defendant's bad faith.

## VI.

### THIRD CAUSE OF ACTION- DECEPTIVE TRADE PRACTICES

20. Plaintiffs would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

21. Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code. Specifically, Defendant:

(a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b) represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(c) represented that an agreement confers or involves rights, remedies, or

obligations which it does not have or involve, or which are prohibited by law.

   (d) failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

 22. <u>Unconscionable Action or Course of Action</u>. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

## VII.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS INSURANCE CODE SECTION 541

 23. Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code. Specifically, Defendant:

 (a) misrepresented to Plaintiffs a material fact or policy provision relating to coverage at issue;

 (b) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim even though Defendant's liability had become reasonably clear; and/or

 (c) failed to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendant's denial of a claim or offer of a compromise settlement of a claim.

 (d) refused to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim.

 24. Plaintiffs would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs' damages more fully described herein below.

25. Plaintiffs would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## VIII.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF TEXAS INSURANCE CODE SECTION 542

26. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

27. Defendant violated Section 542 of the Texas Insurance Code as follows:

a. Defendant failed to timely acknowledge receipt of Plaintiffs' claim (Section 542.055(a)(1));

b. Defendant failed to timely commence an investigation into the claim or to request from Plaintiffs any additional items, statements, or forms that Defendant reasonably believed to be required from Plaintiffs (Section 542.055(a)(2)-(3))

c. Defendant failed to notify Plaintiffs in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendant (Section 542.056(a));

d. Defendant delayed payment of Plaintiffs' claim in violation of Texas Insurance Code Section 542.058(a).

28. Each of the acts above were done knowingly and were a producing cause of Plaintiffs' damages. In addition, Defendant is liable for statutory interest penalties and attorney's fees under Texas Insurance Code Section 542.060.

## IX.

### CONDITIONS PRECEDENT

29. By letter dated October 12, 2021, Plaintiffs gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the

Texas Insurance Code Sections 541 and 542 et seq. All other conditions precedent to filing suit have been met, including Plaintiffs' payment of the insurance premium to Defendant.

## X.

## AMBIGUITY

30. The Policy in place at the time of the events made the basis of this suit contained patent and latent ambiguities concerning the terms of the policy. In addition, the Policy contained patent and latent ambiguities concerning the terms of the Policy governing the Plaintiffs' duties after a loss.

## XI.

## WAIVER AND ESTOPPEL

31. Defendant has waived or is estopped from asserting any coverage defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## XII.

## AGENCY

32. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

33. Said Defendant is therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## XIII.

## JURY DEMAND

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs herein request a jury trial.

## XIV

## PRAYER

35. For these reasons, Plaintiffs ask that Defendant be cited to appear and answer, and that upon final trial, Plaintiffs have judgment against Defendant for:

(a) Actual damages;

(b) Reasonable and necessary attorney's fees;

(c) Extra-contractual damages for Defendant's violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act including exemplary and punitive damages for knowing violations:

(d) Pre-judgment and post-judgment interest as allowed by law;

(e) Costs of court;

(f) All other relief, at law or in equity, to which Plaintiffs may be entitled.


Respectfully submitted,


/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950
tim@hochlawfirm.com

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been forwarded to all parties by and through their attorney of record by e-service on this the 2nd day of March, 2022 as indicated below:

COLIN BATCHELOR
SALINA KABANI
TILLMAN BACHELOR LLP
5605 N. MacArthur Blvd.
Suite 560 Irving, Texas 75038
colin.batchelor@tb-llp.com
salina.kabani@tb-llp.com

/s/ Tim Hoch
TIM HOCH